UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMONE E. PHOENIX, :
    Plaintiff, :
     :
v. :   C.A. No. 20-cv-152-WES-PAS
     :
DAY ONE, THE PROVIDENCE CENTER, INC., :
JANE DOES 1-2, TIMOTHY MCGANN, alias, :
PHILIP HARTNETT, alias, EDMOND ESTEN, :   :
alias, BRIAN DYER, alias, DWIGHT EDDY, :
alias, SEAN COMELLA, alias, JAMES CRYAN, :
alias, and JEFF RICHARDS, alias, each :
Individually and in his official capacity as a :
Providence Police Officer, and CITY OF :
PROVIDENCE, by and through its Treasurer, :
JAMES J. LOMBARDI III, :
    Defendants.

## REPORT AND RECOMMENDATION

On January 23, 2017, Plaintiff Simone E. Phoenix went to the Providence Police station to pick up a housing assistance application following an assault by her then-husband. Instead of help, she claims that two mental health professionals, working as liaisons to the Providence Police to provide services to crime victims, questioned her about her personal and mental health history and summoned officers when she declined their "poorly informed" advice. ECF No. 24-2 ¶ 4. As she tried to leave, Ms. Phoenix alleges that she was confronted by a phalanx of police officers summoned by the mental health professionals, who ignored her pleas not to touch her, assaulted and kicked her, violently handcuffed her, dragged her by her hair, refused to allow her to get in the ambulance that had been called by one of the mental health professionals, placed her in a cell for three hours, and finally had her transported to Rhode Island Hospital. As this incident was ending, Ms. Phoenix was charged with four misdemeanors – three counts of simple

assault and one count of malicious damage to property. Two months later, on March 30, 2017, the City of Providence dismissed all charges.

More than three years after the January 23, 2017, incident and two days before three years ran out following the dismissal of the charges, on March 28, 2020, Ms. Phoenix sued Jane Does 1-2 and their alleged employers, Day One and The Providence Center; these Does were described in the pleading as the two mental health professionals who initiated the incident. She also named the City of Providence and eight police officers.[1] Her original complaint alleged that all Defendants engaged in abuse of process and maliciously initiated the misdemeanor prosecution against her. The three counts were brought pursuant to 42 U.S.C. § 1983 and the Rhode Island common law. On June 15, 2020, without objection, the complaint was amended to substitute Defendant Debra Westgate-Silva of Day One for Jane Doe 1. At approximately the same time, the Providence Center was dismissed because the initial disclosures revealed that the second mental health professional (named as Jane Doe 2) was not its employee.

More recently, on June 24, 2020, Ms. Phoenix moved to amend her complaint for the second time. ECF No. 24. This time, via her proposed Second Amended Complaint ("SAC"), ECF No. 24-2, she seeks to substitute Carla Cuellar for Jane Doe 2, together with Ms. Cuellar's employer, Family Services Rhode Island, Inc. Id. She also seeks to add three more Providence Police officers,[2] claiming that she learned their names through discovery. Id.; ECF No. 24-1 at 3-4. The City of Providence and the eight officers already joined (the "Providence Defendants") object to joinder of three more officers, arguing that the amendment is futile because the three-year statute of limitations has run and the relation back principle embodied in Fed. R. Civ. P.

---

[1] The eight named Providence Police officers are: Officers Timothy McGann, Phillip Hartnett, Edmond Esten, Brian Dyer, Dwight Eddy, Sean Comella, James Cryan and Jeff Richards.

[2] They are Deputy Chief Thomas Verdi, and Officers Francisco Colon and Michael Wheeler.

15(c)(1)(C)(ii) does not cure the deficiency because the failure timely to join the three officers was not a "mistake concerning the proper party's identity."

The motion to amend has been referred to me. Because its outcome is dispositive of Ms. Phoenix's claim against the three officers, I address it by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). See Caranci v. Blue Cross & Blue Shield of R.I., 194 F.R.D. 27, 31 n.1 (D.R.I. 2000). For the reasons that follow, I recommend that the Court grant the unobjected-to aspect of the motion to amend (substituting Carla Cuellar for Jane Doe 2, and adding Family Services Rhode Island, Inc.) but deny the motion to add the three officers.

## I.      Background

In her original complaint Ms. Phoenix named eight police officers based on their involvement in the January 23, 2017, incident in reliance on the criminal discovery that the City of Providence provided to her during the short period while the state court criminal case was pending. This criminal discovery consisted exclusively of the Providence Police Incident Report, which states in relevant part, that "[s]ome of the officers involved in . . . subduing [Ms. Phoenix] were, Det[] Dyer, Det Esten, Det Eddy, Officer Richards and Sgt Harnett. Officers Comella and Cryan responded and assisted in trying to move [Ms. Phoenix]." ECF No. 24-3 at 2 ("Incident Report"). The Incident Report also reflects that Plaintiff "started kicking and flailing at police," and kicked Sgt. McGann "who was standing nearby, in the groin." Id. All of the officers named in these excerpts were joined in the original case – Ms. Phoenix alleges as to each that he "initiated the prosecution . . . without probable cause." SAC ¶ 7.

After the original complaint was filed and served, the Providence Defendants produced a video of the incident as part of their initial disclosures. Ms. Phoenix claims that the video shows

that at least four more officers were present during all or part of the January 23, 2017, incident. Based on their presence, she now seeks to add three of them, charging them with malicious prosecution and abuse of process.[3] At the hearing, Ms. Phoenix (through her counsel) explained her decision to name three of the four, representing that she did not want to include everyone and selected three of four based on an "arbitrary line" to include those who were physically part of the incident, as well as the supervisor who was present and did not prevent the prosecution from being initiated. She contends that these three officers were not named in the original complaint because of her mistake in relying on the narrative in the Incident Report. To put the three officers on notice of the SAC, she alleges that she had it hand-delivered to each of them on June 24, 2020, which is just short of ninety days from the filing of the original complaint and therefore within the period for service established by Fed. R. Civ. P. 4(m).

Ms. Phoenix concedes that all three Counts in the SAC are subject to a three-year statute of limitations. She also concedes that she is well out of time to sue based on the January 23, 2017, incident itself. Instead, she contends that her claims of malicious prosecution and abuse of process are timely because the statute of limitations did not begin to run until the prosecution was dismissed. As to the three new Providence Police officers, blaming the "incomplete information" provided by the City of Providence during the criminal prosecution for her "mistake," she invokes Rule 15's relation back doctrine because they "most certainly should have known that an action would have been brought against them but for the mistakes that stem

---

[3] Beyond the scope of this report and recommendation is whether Ms. Phoenix's pleading – alleging malicious prosecution and abuse of process based solely on each police officer's presence during the precedent incident – as to any of the Providence Defendants passes Twombly/Iqbal muster; she argues that it does because malicious prosecution may be based on "bystander liability."

from incomplete information provided by the Defendant City during the criminal prosecution." ECF No. 24-1 at 7.

The Providence Defendants counter that Ms. Phoenix has not made a "mistake concerning the proper party's identity," which is required for relation back pursuant to Fed. R. Civ. P. 15(c)(1)(C)(ii). They also vigorously assert that they did not know that it was Ms. Phoenix's intent to name them, nor did they understand that she would have done so but for a mistake. They point out that, even now, not all officers who arguably were present have been named in the SAC; thus, to the extent that the three officers were aware that others were sued in the original complaint, the omitted officers were on notice only that they were <u>not</u> sued, not that, but for a mistake of identity, they would have been sued.[4] Nor, with a delay now approaching four years since the original incident, do the Providence Defendants concede that they are not prejudiced by untimely joinder, which is required for relation back by Fed. R. Civ. P. 15(c)(1)(C)(i). Because her error in not naming the three officers was caused by her lack of knowledge that any of them were present during the incident, the Providence Defendants argue that the statute of limitations has run and the motion to amend must be denied as futile.

## II. Law and Analysis

Pursuant to Fed. R. Civ. P. 15(a)(2), "leave to amend should be 'freely give[n]' in circumstances in which 'justice so requires.'" Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). However, leave to amend may be denied "when the request is characterized by 'undue delay, bad faith, <u>futility</u>, [or] the absence of due diligence on the movant's part.'" <u>Id.</u> (emphasis added) (quoting Palmer v. Champion Mortg.,

---

[4] Indeed, recognizing that Plaintiff's claims are for malicious prosecution and abuse of process, it is difficult to understand how the mere presence of an officer during the precedent incident would put that officer on notice that, but for a mistake, he would have been sued for malicious prosecution or abuse of process.

465 F.3d 24, 30 (1st Cir. 2006)).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted"; based on futility, a motion to amend should be denied if the claims are clearly barred by a statute of limitations.  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); see Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) (if amendment does not relate back and statute of limitations has run, proposed amendment is futile and motion to amend must be denied).

At best, as Ms. Phoenix concedes, the statute of limitations applicable to this case expired on March 30, 2020, three years after the misdemeanors were dismissed.  See Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) (§ 1983 malicious prosecution claim accrues at termination of criminal proceeding); Amesbury v. City of Pawtucket, No. 19-342-JJM-LDA, 2019 WL 4306392 at *1 (D.R.I. Sept. 11, 2019) (§ 1983 statute of limitations is Rhode Island's three-year personal injury statute of limitations).  With no argument that the statute of limitations was tolled beyond that date, the SAC's claims against the three officers can survive a futility challenge only through application of Rule 15(c)'s relation back doctrine.

Rule 15(c) provides that an out-of-time amendment can be saved if it "relates back" to the date of the original pleading.[5]  Bussell v. Rhode Island, C.A. No. 14-109 S, 2014 WL 3732096, at *2 (D.R.I. July 25, 2014).  The plaintiff bears the burden of showing that Rule

---

[5] Specifically, Fed. R. Civ. P. 15(c)(1) provides for relation back when:

    (A)  the law that provides the applicable statute of limitations allows relation back;
    (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
    (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

15(c)'s relation back doctrine applies. Graham v. Church, Civil No. 14-cv-171-LM, 2015 WL 247910, at *4 (D.N.H. Jan. 20, 2015). Rule 15(c) has three requirements: same transaction, timely notice, and knowledge of a "mistake in identity." Leonard v. Parry, 219 F.3d 25, 28 (1st Cir. 2000) (analyzing Fed. R. Civ. P. 15(c)(3), subsequently codified as Fed. R. Civ. P. 15(c)(1)(C)). For purposes of the pending motion to amend, the focus is on the third requirement – whether Ms. Phoenix has sustained her burden of demonstrating that she made a "mistake concerning . . . identity" of which the proposed defendants knew or should have known, as required by Fed. R. Civ. P. 15(c)(1)(C)(ii).[6] To satisfy this criterion, the amendment's proponent must show not only that she made a mistake concerning the proper party's identity, but also that the later-named party, within the prescribed time limit, knew or should have known that, but for this mistake, the action would have been brought against him. Leonard, 219 F.3d at 28.

The purpose of the "mistake concerning . . . identity" requirement of Fed. R. Civ. P. 15(c)(1)(C)(ii) is to allow a plaintiff to correct a "misnomer[7] or misidentification." Roman v. Townsend, 224 F.3d 24, 28 n.5 (1st Cir. 2000). Relation back is generally permitted where "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued." Wilson v. United States Gov't, 23 F.3d 559, 563 (1st Cir. 1994) (quoting Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993)). Relation back does not apply where there is simply "lack of knowledge of the proper party." Wilson, 23 F.3d at 563 (quoting

---

[6] While the principal focus of the Providence Defendants' argument is on Ms. Phoenix's inability to sustain her burden regarding the "mistake concerning . . . identity" requirement in Fed. R. Civ. P. 15(c)(1)(C)(ii), they also vigorously dispute her contention that her original complaint gave every officer who was present during any part of the incident notice sufficient to prevent prejudice from delay, thereby satisfying the absence of prejudice requirement in Fed. R. Civ. P. 15(c)(1)(C)(i). Because of my recommendation that the motion to add the three officers should be denied based on Plaintiff's failure to satisfy the Fed. R. Civ. P. 15(c)(1)(C)(ii) requirement, I have not addressed this argument.

[7] A misnomer is a "misnaming of a person in a legal instrument." Misnomer, Merriam-Webster, https://www.merriam-webster.com/dictionary/misnomer (emphasis added) (last visited Dec. 9, 2020).

Worthington, 8 F.3d at 1256); see, e.g., Cruz v. Bos. Litig. Sol., Civil Action No. 13-11127-LTS, 2016 WL 3568254, at *11 (D. Mass. May 24, 2016) ("lack of knowledge regarding a potential defendant is not the kind of mistake that allows relation back under Rule 15(c)(1)"); Bussell, 2014 WL 3732096, at *2 (amendment relates back only where there has been an error made concerning identity of proper party and not where there is lack of knowledge of defendant); Ferreira, 365 F. Supp. 2d at 217 (a plaintiff's lack of knowledge as to the identity of a defendant does not constitute a mistake under Rule 15(c)). A "mistake for purposes of Rule 15(c) . . . only occurs when a plaintiff uses one name intending and thinking to sue one entity, when in fact he should have used a different name." Cholopy v. City of Providence, 228 F.R.D. 412, 417 (D.R.I. 2005).

To overcome these well-settled principles, Ms. Phoenix's cites Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010). However, Krupski did not rewrite the Rule to delete the "mistake concerning . . . identity" requirement. To the contrary, in Krupski, the plaintiff's original pleading ascribed liability to the operator of the cruise ship on which she was injured, but instead of the actual carrier/operator, "Costa Crociere," the pleading mistakenly named an affiliated entity, "Costa Cruise," which was the sales and marketing agent of the operator. Id. at 543. The Supreme Court held:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant – call him party A – exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

Krupski, 560 U.S. at 549 (emphasis added).  Because the Krupski complaint clearly articulated the plaintiff's intent to sue the cruise operator, because the entity sued in error was related to and had a nearly identical name as the correct defendant, and because the mistake in identity was caused by ambiguous text on plaintiff's ticket, the Court held that the proper defendant, Costa Crociere, should have known that the plaintiff's failure to name it in the original complaint was due to a "mistake concerning the proper party's identity."  Id. at 557.

Mindful of the clarification provided by Krupski, courts in this Circuit distinguish circumstances involving lack of knowledge of the correct identity of a known defendant, which Krupski holds may amount to a qualifying "mistake," but otherwise continue to hold that lack of knowledge of a defendant is not a mistake for purpose of relation back.  For example, in General Linen Serv., Inc. v. General Linen Serv. Co., Civil No. 12-cv-111-LM, 2015 WL 471011 (D.N.H. February 4, 2015), the court distinguished Krupski as applicable when the claimant knows about and clearly describes the intended defendant in a timely pleading but mistakenly uses the name of a related entity.  Id. at *3-5.  By contrast, when the plaintiff simply omits any reference to a defendant in the original pleading based on lack of knowledge about that defendant, such lack of knowledge is not a "mistake concerning . . . identity" under Fed. R. Civ. P. 15(c)(1)(C)(ii).  See generally id.  In that circumstance, relation back is not applicable.

Here, Ms. Phoenix initially chose to name only the officers whose role in the January 23, 2020, incident is expressly described in the Incident Report.  She is not claiming that there was any mistake with regard to the identity of any of them.  Her original pleading is devoid of any suggestion that other officers as to whose identities she

9

was mistaken (or even whose identities were unknown to her) are legally responsible based on their participation in the malicious prosecution or abuse of process. Rather, she concedes that her "mistake" was relying on the Incident Report. And her attempt to blame this "mistake" on the Providence Defendants falls flat – the Incident Report expressly states that it purported to name only "some" of the officers involved in the incident. ECF No. 24-3 at 2.

Plaintiff lacked any knowledge of the presence of the three new officers until she received the initial disclosures after the statute of limitations had expired; this is simply not a "mistake" regarding their identities. Further, she has presented nothing to suggest that that these officers were somehow on notice that, but for her mistake in relying on the Incident Report, they would have been sued for malicious prosecution and abuse of process. Therefore, her failure to name them was not a mistake concerning their identities of which they knew or should have known. It cannot be rectified by Fed. R. Civ. P. 15(c)(1).

### III. Conclusion

Because the SAC's claims against the three officers – Deputy Chief Thomas Verdi, and Officers Francisco Colon and Michael Wheeler – are out of time and relation back does not apply, I recommend that the motion to amend as to them be denied as futile. Otherwise, based on the absence of objection, the motion to amend to add of Defendants Cuellar and Family Services Rhode Island, Inc. may be granted. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and

the right to appeal the Court's decision.  See <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 11, 2020