IN THE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SIMONE E. PHOENIX, Plaintiff | |
| v. | No. 1:20-cv-00152-MSM-PAS |
| DAY ONE, et al, Defendants. | |

**MEMORANDUM AND ORDER**

Family Service of Rhode Island ("FSRI") and its then-employee Carla Cuellar ("Ms. Cuellar"),[1] were sued by a three-count Second Amended Complaint ("SAC")[2] alleging abuse of process, constitutional malicious prosecution,[3] and common law malicious prosecution. Their Motion to Dismiss (ECF No. 39) poses the three-year Statute of Limitations[4] as a bar. The plaintiff, Simone Phoenix ("Ms. Phoenix"),

[1] The incident that gave rise to the action occurred on January 23, 2017. The Court has no information about whether Ms. Cuellar is, at this writing, still employed by Family Service of Rhode Island.
[2] The incident is described in the Court's Memorandum and Order granting summary judgment to other defendants, issued this same date.
[3] *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101-02 (1st Cir. 2013) (constitutional malicious prosecution).
[4] A claim brought pursuant to 42 U.S.C. § 1983 borrows its three-year statute of limitations from Rhode Island tort law. *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001); *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I. 2004).

contends that the action relates back, pursuant to Federal Rules of Civil Procedure 15(c) to a time before the statute expired. With respect to FSRI, the Court agrees the action is time-barred. Because Rhode Island law permits the use of "Jane Doe" (placeholder) pleading, discussed below, and by application of that doctrine, the action against Ms. Cuellar is timely.

**A. Abuse of Process**

An action for abuse of process accrues when the process – here, the criminal misdemeanor charges – occurs. In this case, Ms. Phoenix was charged on January 23, 2017, and the statute therefore expired on January 23, 2020. The SAC, which was the first to name FSRI and Ms. Cuellar, was filed on January 26, 2021. The first notice the two defendants received occurred by letter dated June 24, 2020 – nearly six (6) months beyond the expiration of the limitations period. Under those circumstances, the requirements of Rule 15(c), which governs the relation-back of untimely complaints, does not apply. Rule 15(c) conditions relation-back, *inter alia,* on the defendant having received notice of the action or at least an intention to sue before the expiration of the limitations period. *See Cholopy v. City of Providence*, 228 F.R.D. 412, 415 (D.R.I. 2005).

**B. Malicious Prosecution**

The timing is different with respect to the malicious prosecution counts, as is the Rule 15(c) analysis. It is correct, as Ms. Phoenix maintains, that the cause of action for malicious prosecution did not accrue until March 30, 2017, when the criminal charges were dismissed. Rule 15(c) does allow relation-back if the to-be-

added party received notice within the time for service prescribed by Federal Rule of Civil Procedure 4(m), which is ninety days from the filing of the original complaint),[5] *and* if the party to be added knew or should have known that "but for a mistake concerning the proper party's identity," it would have been sued. While FSRI received notice in the nick of time, there was no mistake in identity. A mistake in identity occurs when the plaintiff knows the correct party to sue but is incorrect about the name of that party. A mistake under Rule 15(c) is a mistake in nomenclature. A mistake in identity occurs when the correct party is before the court but called by the wrong name. *Wilson v. United States Government*, 23 F.3d 559, 563 (1st Cir. 1994). In this case, Ms. Phoenix erroneously believed that the entity providing the victim's advocate was The Providence Center and sued that organization in the initial complaint.[6] FSRI is an entirely different entity and the mistake that occurred stemmed from a lack of knowledge rather than an error in nomenclature. That is not a "mistake concerning the proper party's identity" embraced by Rule 15(c). *See General Linen Serv., Inc. v. General Linen Serv. Co.*, No. 12-cv-111-LM, 2015 WL 471011 at *4 (D.N.H. Feb. 4, 2015) (naming of one entity when the real party is a different one is a confusion of roles, not a mistake in identity).

Therefore, FSRI has successfully interposed the statute of limitations as a bar to this action entirely.

---

[5] The relevant notice is notice of the lawsuit, not notice of the incident. *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009).

[6] The Providence Center was voluntarily dismissed. (ECF No. 17.)

**C. Carla Cuellar**

Ms. Cuellar does not fare so well as her employer.

While the same analysis would ordinarily apply to her, Rhode Island law is more liberal in allowing plaintiffs to succeed when they are unaware of the identity of a putative defendant. Rhode Island General Laws § 9-5-20 (1956)[7] specifically permits a plaintiff to name a "[Jane] Doe" as a defendant and to fill in the blank with that defendant's name at a later date. *Grossi v. Miriam Hospital*, 689 A.2d 403, 404 (R.I. 1997). Use of a pseudonym tolls the running of the limitations period. *Sousa v. Casey*, 306 A.2d 186, 192 (R.I. 1973). The Rhode Island law trumps the failure of federal law to permit "[Jane] Doe" pleading. *Westfall v. Whittaker, Clark & Daniels*, 571 F. Supp. 304, 312 (D.R.I. 1983).

The original complaint here named two Jane Does (the first turned out to be advocate Deb Westgate-Silva who was added as a named defendant without objection in May 2020). The plaintiff is required to act without undue delay in discovering the identity of the "Jane Doe," *Parrillo v. Rhode Island Hosp.*, 202 A.3d 942, 947 (R.I. 2019), but in this case she did so by June 2020; that was just three months after the limitations period passed, and she asserts, with no evidence to the contrary, that she gave notice of the SAC immediately after discovering Cuellar's name. *See Longworth v. Wall*, No. 17-00431-WES, 2018 WL 5085703, at *4 (D.R.I. Oct. 18, 2018), *adopted*

---

[7] Section 9-5-20 provides: "Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order."

by 2019 WL 5677673 (D.R.I. Nov. 01, 2019) (plaintiff was reasonably diligent by substituting real name shortly after learning it at a discovery conference). Under these circumstances, § 9-5-20 saves the action against Ms. Cuellar.

For these reasons, the Motion of FSRI and Ms. Cuellar (ECF No. 39) is GRANTED in part as it relates to FSRI and DENIED in part as it relates to Ms. Cuellar.

IT IS SO ORDERED:

Mary S. McElroy,
United States District Judge

September 15, 2021