UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SIMONE E. PHOENIX, : | |
|     Plaintiff : | |
| v. : | C.A. No. 20-cv-152-WES-PAS |
| DAY ONE, DEB WINGATE-SILVA, FAMILY : | |
| SERVICE OF RHODE ISLAND, INC., CARLA : | |
| CUELLAR, alias, TIMOTHY McGANN, alias, : | |
| PHILIP HARTNETT, alias, EDMOND ESTEN, : | |
| alias, BRIAN DYER, alias, DWIGHT EDDY, : | |
| alias, SEAN COMELLA, alias, JAMES CRYAN, : | |
| alias, and JEFF RICHARDS, alias, each : | |
| individually and in his official capacity as a : | |
| Providence Police officer, and CITY OF : | |
| PROVIDENCE, by and through its Treasurer, : | |
| James J. Lombardi III, : | |
|     Defendants : | |

**REPLY OF DEFENDANT CARLA CUELLAR IN RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Carla Cuellar (hereinafter "Cuellar" or "Defendant") hereby submits this Reply Brief in response to Plaintiff's Objection to Defendant's Motion for Summary Judgment.

**INTRODUCTION**

First and foremost, Plaintiff's Objection makes a bold claim at the start, that this Defendant has glossed over material facts, presenting an inaccurate account of the evidence and misconstruing some of its sources. *See* Plaintiff's Memorandum of Law in Support of Her Opposition to Carla Cuellar's Motion for Summary Judgment (hereinafter "Plaintiff's Memorandum of Law"), pg. 1 (Doc. 68).[1] Yet, as the Court will find and Defendant will show,

---

[1] Regarding Defendant's Statement of Undisputed Facts, Plaintiff has taken issue with Defendant's characterization of the evidence. However, these points need not be addressed as the facts Plaintiff takes issue with are not material to issue at hand. As explained *infra*, even if Plaintiff's own characterization of the evidence is correct, those points do not bear on the issues regarding whether the statute of limitations bars Plaintiff's Abuse of Process Claim, whether Plaintiff has established that Defendant initiated a criminal proceeding against Defendant and did so with an improper

1

Plaintiff claims are merely bluster in an attempt to confuse the issues, especially in light of the fact that Plaintiff has failed to bring forth any affirmative evidence disputing the material facts in this case, ignored critical issues and merely engaged in speculation without providing any affirmative evidence to the contrary. Defendant will, as appropriate, respond to Plaintiff's mistaken allegations to avoid duplicative briefing.

Turning to the merits, Plaintiff's Objection fails to create any genuine dispute of material fact, explain why the Court's prior rulings were wrong, or address all of the grounds for Defendant's motion for summary judgment. As Defendant stated in her original motion, the law of the case doctrine governs the outcome of this motion. Plaintiff has not brought forth any argument or affirmative evidence establishing that the Court's prior decision was erroneous. Overall, Plaintiff's Objection is nothing more than a series of red herrings. Nothing in Plaintiff's Objection defeats Defendant's Motion for Summary Judgment.

Plaintiff's central contention in her objection is that this Defendant is "categorically different from her (former) codefendants." Plaintiff's Memorandum of Law, pg. 1. However, this argument fails to take account for the Court's previous ruling, the relevant legal standard, and the grounds for Defendant's motion. *See* Memorandum and Order Granting Defendants' Motion for Summary Judgment, pg. 5, n. 6 (Doc. 59).

Further, Plaintiff has attempted to create disputes over certain elements of her claims, while

---

purpose, whether there was probable cause to arrest Plaintiff and whether the prosecution of Plaintiff terminated in a favorable way. However, Defendant does concede that in Paragraph 2 of Defendant's Statement of Undisputed Facts, Defendant incorrectly relied upon Plaintiff's Answers to Interrogatories. Defendant meant to cite and rely upon Defendant Westgate-Silva's Answers to Interrogatories No. 5, attached to Plaintiff's Supplemental Statement of Undisputed Facts, Exhibit C (Doc. 68-1). Defendant apologies to the Court and Plaintiff for this oversight. However, regardless this oversight, the fact is not material to the grounds for Defendant's Motion for Summary Judgment as previously explained and thus is not grounds for denying Defendant's present motion.

failing to establish other necessary elements that form the basis of Defendant's motion for summary judgment. Even if Plaintiff could establish genuine disputes of material facts on the points she raised in her brief, which Defendant does not concede, the remaining grounds raised by Defendant still bar all of Plaintiff's claims. Plaintiff has not argued that the statute of limitations does not bars her Abuse of Process Claim, that there was a lack of probable cause to arrest her, or that Defendant had an "ulterior purpose" or initiated such a proceeding to gain a collateral advantage. Significantly Plaintiff has failed to address all of these arguments concerning essential elements of her claims. Therefore, regardless of Plaintiff's other arguments, all of her claims still fail as a matter of law.

## ARGUMENT

**I. Plaintiff's Objection Fails to Dispute Defendant's Arguments Regarding the Statute of Limitations on Plaintiff's Claim for Abuse of Process and Thus Defendant is Entitled to Summary Judgment on this Claim.**

Defendant moved for summary judgment on all of Plaintiff's claims, including Plaintiff's Abuse of Process Claim. As part of Defendant's argument, Defendant relied upon the statute of limitations. Plaintiff has not disputed this point or brought forth any argument as to why the statute of limitations does not bar her Abuse of Process Claim. Therefore, Plaintiff has failed to meet her burden. Regardless of Plaintiff's other arguments on this point, Defendant is entitled to summary judgment as Plaintiff's Abuse of Process Claim is barred by the applicable statute of limitations.

**II. Plaintiff's Abuse of Process Claim Still Fails as She Has No Established or Brought Forth Any Affirmative Evidence that Defendant Instituted a Legal Proceeding Against Her or Did So with an Ulterior Purpose or To Gain a Collateral Advantage.**

Plaintiff's arguments on this issue fail for two reasons. First, the cases relied upon by Plaintiff do not support her claim. She has cited case law regarding what constitutes the initiation of a criminal proceeding and then relies upon evidence that does not come close to what the cases

require Plaintiff to establish. Second, assuming *arguendo* that Plaintiff has established this first prong which Defendant does not concede, Plaintiff has not brought forth any affirmative evidence or argument that Defendant did so to gain a collateral advantage or with an "ulterior motive".

As to the first prong, Defendant cites *Limone v. U.S.*, 579 F.3d 79, 89 (1st Cir. 2009) to argue that Defendant's actions initiated a criminal proceeding. *See* Plaintiff's Memorandum of Law, pg. 5. The First Circuit has held that the "paradigmatic example [of a person instituting a criminal proceeding] exists when a person formally swears out a criminal complaint against another person." *Id.* The court then offers two other potential grounds for establishing this element. First, the individual "induces another person (say, a police officer or prosecutor) to lodge formal charges[.]" *Id.* Second, "if an individual either exercises a peculiar degree of control over the charging official or adamantly presses that official to bring a criminal complaint[.]" *Id.* One would expect, therefore, that Plaintiff would point to some affirmative evidence that Defendant either induced another individual to lodge a formal complaint or exercised control over the police or charging official. Yet, these arguments are not made. Instead, Plaintiff relies on an argument regarding proximate cause, something the court in *Limone* did not reference or adopt, to support her claim.[2] Plaintiff's burden of proof in establishing an Abuse of Process Claim is that the Defendant "initiated a criminal proceeding against her" by (1) swearing out a criminal complaint, (2) inducing others to do so, or (3) exercising a peculiar degree of control over the charging official

---

[2] Plaintiff later attempts to conflate the caselaw concerning *Bivens* actions. *See* Plaintiff's Memorandum of Law, pg. 6-7. However, again Plaintiff, as the master of her own complaint, has not brought a *Bivens* action against this Defendant or any defendant. Obviously, Plaintiff cannot, as *Bivens* actions only apply to federal officials, implicate the Fourth Amendment, and do not involve malicious prosecution claims, including one based upon state common law. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) ("In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 338, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.")

who brings the complaint. Plaintiff has not brought forth anything, either speculation or affirmative evidence, to establish this essential element of her claim. Therefore, Plaintiff's arguments are unavailing, and her claim still fails as a matter of law.

Even if Plaintiff has established a genuine issue of material fact as to whether Defendant initiated the criminal proceeding, Plaintiff has not brought forth any affirmative evidence that Defendant had an "ulterior purpose" or initiated such a proceeding to gain a collateral advantage. *See Fiorenzano*, 982 A.2d at 590. Nothing is offered on this point and Plaintiff fails to even address Defendant's argument. Plaintiff has not pointed to any affidavit, deposition testimony or discovery responses to establish that Defendant had an "ulterior purpose" or initiated the proceeding to gain a collateral advantage. Plaintiff has not even disputed, nor could she, that she is required to prove this essential element of her claim. Therefore, Plaintiff's claim for abuse of process still fails as a matter of law.

**III.     As to Plaintiff's Malicious Prosecution Claim, Plaintiff Has Failed to Bring Forth Affirmative Evidence that There was Either a Lack of Probable Cause to Arrest Plaintiff or that Her Prosecution Terminated in a Favorable Manner.**

Assuming *arguendo* that Plaintiff can establish that this Defendant instituted a legal proceeding against her, which Defendant strenuously denies for the reasons set forth above and in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, there remains fatal defects on two essential elements of her claim for Malicious Prosecution. First, the Court has already held that there was probable cause to arrest Plaintiff for Vandalism and Assault. As the Court has stated, an *essential* element of both a constitutional and common law malicious prosecution claim is the lack of probable cause. Memorandum and Order Granting Defendants' Motion for Summary Judgment, pg. 8 (Doc. 59). Thus, any of Plaintiff's arguments concerning this claim are irrelevant, as she cannot establish a fundamental element of her claim, the lack of

probable cause.

Second, the Court has already rejected Plaintiff's arguments regarding the issue as to whether the prosecution against her terminated in a favorable way.  She already has argued that she began receiving treatment at the inception of her prosecution.  *Id.* at 7.  The Court rejected the relevancy of those arguments and correctly held that the *actual* disposition of the prosecution resulted from a compromise and not a favorable termination indicating Plaintiff's innocence.  *Id.*  The arguments tendered by Plaintiff do not change this fact.  The record evidence shows that the charges were dismissed pursuant to a compromise.  Plaintiff bears the burden on bringing forth affirmative evidence that the prosecution terminated in a favorable way.  This issue is an *element of Plaintiff's claim* and is not an affirmative defense that Defendant must raise and prove.  It is not enough to merely claim that the prosecution ended in a favorable way, Plaintiff must bring forth affirmative evidence to prove it.  It is not the Defendant's burden to establish this element at trial.

   **a. There Was Probable Cause to Arrest Plaintiff and Thus Plaintiff is Unable to Establish or Prove an Essential Element of her Claim.**

The first point does not need to be addressed here in detail, as Plaintiff has not argued that there was a lack of probable cause to arrest her.  To avoid duplicative briefing, Defendant relies upon the arguments she has already made on this point and the Court's own rulings.  Briefly, the failure of Plaintiff to bring forth affirmative evidence that there was not probable cause for her arrest is fatal to her action.  Plaintiff bears the burden of proof on this element.  *See Hernandez-Cuevas v. Taylor*, 723 F.3d 91 (1st Cir. 2013).  Thus, even if Plaintiff can establish a genuine dispute of material fact that her prosecution terminated in a favorable way, a point which is not conceded, Plaintiff's claim for malicious prosecution still fails as a matter of law.

### b. The Prosecution of Plaintiff did not Terminate in a Favorable Way and Thus Plaintiff is Unable to Establish or Prove an Essential Element of her Claim.

Plaintiff's main attempt in her argument on this point is to engage in speculation as to what the facts possibly could be. Plaintiff argues "The question is not whether the prosecution's characterization is more accurate than the Plaintiff's." *See* Plaintiff's Memorandum of Law, pg. 9. Yet, Plaintiff brings forth no affirmative evidence to dispute the evidence relied upon by Defendant. In reviewing both Plaintiff's Statement of Disputed Facts, Statement of Undisputed Facts and her Memorandum of Law, there is no affidavit, answer to an interrogatory, deposition testimony or any other affirmative evidence referenced, presented or pointed to by Plaintiff to establish this point. To oppose a motion for summary judgment successfully, the nonmoving party must present affirmative evidence to rebut the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, (1986). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (quoting *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989)). Further, contrary to Plaintiff's argument, there is no credibility determination occurring here as Plaintiff has not presented any other evidence that would contradict the affirmative evidence relied upon by Defendant. Plaintiff in her own answers to interrogatories merely stated that: "This prosecution lasted until March 30, 2017, when the City of Providence dismissed the charges against me." *See* Exhibit A to Defendant's Statement of Undisputed Facts (Doc. 62-A), No. 15. Plaintiff has not argued or asserted that this statement by Plaintiff contradicts or creates a genuine issue of material fact as to this point, nor could it as the two pieces of evidence are not in conflict.

Plaintiff next argues that "Defendants have no proof, no evidence at all (nor could they) that any 'plea negotiations' took place." *See* Plaintiff's Memorandum of Law, pg. 10. Once again, Plaintiff ignores the obvious inference that can be drawn from the prosecutor's dismissal. The prosecutor states:

7

"Now comes the State of Rhode Island and dismisses the above entitled matter under Rule 48(a) of the Rules of Criminal Procedure for the following reasons: [Defendant] has complied [with] mental health counseling." *See* Exhibit E to Defendant's Statement of Undisputed Facts (Doc. 62-1). The Court's decision quoted the colloquy between the court and the prosecutor:

> "PROS: The City wants to submit into the record Your Honor uh a dismissal Your Honor pursuant to Rule 48A as the defendant received the *required* mental health counseling." *See* Memorandum and Order Granting Defendants' Motion for Summary Judgment, Pg. 7.

Defendant relied upon this transcript as well in support of her motion for summary judgment. *See* Defendant's Statement of Undisputed Facts, ¶ 10. It is an obvious inference and this Court already has stated, that the dismissal was a result of an agreement, which must imply some earlier agreement or negotiation between the prosecutor and Plaintiff. Thus, the burden is on the Plaintiff now to dispute this fact with affirmative evidence, which Plaintiff has not done. To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. *See Anderson.*, 477 U.S. at 256–257. "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." *Medina–Munoz*, 896 F.2d at 8.

Instead, ¶ 10 of Plaintiff's Disputed Facts merely argues that "Defendant City *characterized* the dismissal as conditional on seeking counseling; however, the fact that the prosecutor defined it as such is not conclusive, unassailable proof." Plaintiff's Statement of Disputed Facts, ¶ 10 (Doc. 66). Plaintiff has not brought forth any evidence to support her argument or claim that the prosecutor did not dismiss the charges pursuant to an agreement. Rather, Plaintiff engages in speculation and argument. It is hard to understand why Plaintiff, in being provided essentially another attempt to point to or bring forth some evidence to dispute this

8

issue, has failed to bring forth any competent evidence to create a genuine issue of material fact on this issue. Rather, Plaintiff again relies on arguments and speculation, which is not evidence.

Rather than bring forth affirmative evidence to establish this element of her claim, Plaintiff cites an amicus brief submitted in a pending decision in the United States Supreme Court. Plaintiff's Memorandum of Law, pg. 10-11. This amicus brief is not binding authority on this Court. It is a brief submitted by a public interest group. The binding law in this Circuit is *Jordan v. Town of Waldoboro*, 943 F.3d 532, 545, 546 (1st Cir. 2019), which requires Plaintiff to prove that her prosecution terminated in a favorable way. Even if the law on this point were to change, which Defendant does not concede, the claim is still barred for the other reasons articulated above as Plaintiff has not argued that there was no probable cause to arrest her.

**IV.     The Law of the Case Does Apply to Interlocutory Orders and Plaintiff Fails to Show Why or How the Court's Prior Decision is Wrong.**

Plaintiff argues that the law of the case does not apply in this case as the Court's prior decision was an interlocutory order and thus subject to reconsideration. While, of course, the Court has the inherent power to reconsider its prior interlocutory orders, the doctrine still applies subject to Plaintiff moving to have the Court reconsider its prior rulings, which is something Plaintiff has not requested. Further, Plaintiff has conflated the holding of *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40 (1st Cir. 1994). In that case, the Plaintiff, *on appeal*, argued that the trial court should not have granted Defendant's motion to dismiss as it had previously denied that same motion as it violated the law of the case doctrine. *Id.* at 42. The court rejected that argument as the trial court was entitled to reconsider its earlier decision. *Id.* The court did not abolish the law of the case doctrine. *See id.* However, Defendant is not arguing that the Court is categorically prohibited from reconsidering its own decision or would commit reversible error based upon the law of the case doctrine by not granting Defendant's Motion for Summary Judgment. Rather, Defendant

9

relies upon the doctrine for the proposition that the issues in this present motion should be dealt with in the same manner as the Court did in an earlier motion to avoid inconsistent decisions in the same proceeding.  As Wright and Miller states: "Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Fed. Prac. & Proc. Juris. § 4478 (3d ed.).  What this means at the very least is that Plaintiff must come forward with some argument or showing that the Court should not adhere to its earlier decision.  This is something Plaintiff has not done or attempted to do.

Compounding this problem is Plaintiff's failure to grapple with the Court's own standard for dealing with motions to reconsider.[3]  The Court has stated: "A motion to reconsider 'is an *extraordinary remedy* and should be used *sparingly*' '[u]nless the court has misapprehended some material fact or point of law'" 965 F. Supp.2d 224, 232 (D.R.I. 2013) (quoting *Lincoln Nat. Life Ins. Co. v. Wilmington Trust Co.*, C.A. No. 08-74 S, 2013 WL 4042659, at *3 (D.R.I. Aug. 9, 2013)). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Id.* (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).  Plaintiff has offered no arguments that the Court "misapprehended some material fact or point of law."  This omission is highly telling as to Plaintiff's arguments.

Therefore, Defendant respectfully requests that the Court grant its Motion for Summary Judgment and reject Plaintiff's attempt to have the Court reconsider its prior ruling.

---

[3] Although there is no precedent linking the law of the case doctrine and motions to reconsider, the principals behind both show why the requirements for motions to reconsider should be met to avoid the law of the case doctrine.  The law of the case doctrine ensures consistency and avoids reconsideration of earlier decisions. The standard governing a party's motion to reconsider ensures that the movant make a showing that would establish that the Court should reconsider an earlier decision to avoid merely relitigating the same issue with the same arguments without a good reason.

## CONCLUSION

For the reasons stated herein and in Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the Defendant respectfully requests that the Court grant her motion for summary judgment.

DEFENDANT,
CARLA CUELLAR

By her attorney,
HIGGINS, CAVANAGH & COONEY, LLP

*/s/ Paul S. Callaghan*
Paul S. Callaghan, Esq., #4931
Tyler J. Pare, Esq. #10099
10 Dorrance Street, Suite 400
Providence, RI  02903
(401) 272-3500
(401) 273-8780 (fax)
pcallaghan@hcc-law.com
tpare@hcc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February 2022, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System. Service on counsel of record has been effectuated by electronic means.

*/s/ Paul S. Callaghan*