UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMONE E. PHOENIX, | : | |
| *Plaintiff* | : | |
| | : | |
| V. | : | C.A. NO. 1:20-cv-00152-WES-PAS |
| | : | |
| DAY ONE, DEBRA WESTGATE-SILVA, | : | |
| FAMILY SERVICE OF RHODE ISLAND, | : | |
| INC., CARLA CUELLAR, alias, TIMOTHY | : | |
| McGANN, alias, PHILIP HARTNETT, alias, | : | |
| EDMOND ESTEN, alias, BRIAN DYER, alias, | : | |
| DWIGHT EDDY, alias, SEAN COMELLA, alias, | : | |
| JAMES CRYAN, alias, and JEFF RICHARDS, | : | |
| alias, THOMAS VERDI, alias, FRANCISCO | : | |
| COLON, alias, MICHAEL WHEELER, alias, | : | |
| each individually and in his capacity as a | : | |
| Providence Police officer, and CITY OF | : | |
| PROVIDENCE, by and through it's Treasurer, | : | |
| James J. Lombardi, III, | : | |
| *Defendants* | : | |

**THE DEFENDANTS, DAY ONE AND DEBRA WESTGATE-SILVA'S**
**MEMORANDUM CONCERNING THE IMPACT OF *THOMPSON V. CLARK***

Now comes the Defendants, Day One and Debra Westgate-Silva (hereinafter, collectively the "Defendants"), and hereby submit this Memorandum in response to this Court's Text Order of April 6, 2022 concerning the U.S. Supreme Court's recent decision in *Thompson v. Clark*, 596 U.S. ____ (2022).

In delivering the opinion of the Court, Justice Kavanaugh explained case before them concerned the narrow issue of what satisfies the "favorable termination" element of a malicious prosecution claim under the Fourth Amendment. *See Thompson*, 597 U.S. ____. However, favorable termination is but one of four elements required to establish malicious prosecution. *See id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *see also Vigeant v. United States*, 462 F. Supp. 2d 221, 227 (D.R.I. 2006) ("(1) the initiation of a criminal proceeding against [the plaintiff];

(2) the termination of that previous proceeding in [the plaintiff's] favor; (3) a lack of probable cause on [the defendant's] part when [it] initiated the criminal proceeding; and (4) the existence of malice on [the defendant's] part.").

Prior to *Thompson*, there was a split amongst the Courts of Appeals concerning the favorable termination element with several courts requiring a plaintiff to provide an "affirmative indication of innocence[,]" while others considered the element satisfied "so long as the criminal prosecution ends without a conviction." *See Thompson*, 597 U.S. \_\_\_\_ (citing *Laskar v. Hurd*, 972 F. 3d 1278, (2020); *Cordova v. Alburquerque*, 816 F. 3d 645 (CA10 2016); *Kossler v. Crisanti*, 564 F. 3d 181, (CA3 2009) (en banc)). In resolving this split, the Court held that "a plaintiff need only show that the criminal prosecution ended without a conviction." *See id.*

Although the *Thompson* decision has, undoubtedly, had a dramatic impact on the favorable termination element of a malicious prosecution claim under the Fourth Amendment, the granting of summary judgment to the Defendants in the instant action is still proper. Recall that the Defendants' motion for summary judgment made the following arguments concerning the malicious prosecution claim: i) the Plaintiff cannot bring a §1983 claim against the Defendants because they are not state actors, ii) the Defendants did not initiate a criminal prosecution against her, iii) the criminal prosecution did not feature a favorable termination, and iv) there was probable cause for the criminal prosecution. *See* 20-cv-152, Docket #51-1. Without addressing all of the arguments, the Court granted the motion for summary judgment on the grounds that there was no favorable termination and, as a matter of law, there was probable cause to institute the criminal proceedings against the Plaintiff. *See* 20-cv-152, Docket # 59 at 6–10.

Accordingly, only the Defendants' argument concerning favorable termination is affected by the *Thompson* decision. While there was no "affirmative indication of innocence" because the

dismissal of the Plaintiff's criminal charges was conditioned upon her completion of mental health counseling, the favorable termination analysis has been dramatically truncated. Under the *Thompson* decision, the Plaintiff's completion of mental health counseling in exchange for the dismissal of her charges is irrelevant. *See* 597 U.S. \_\_\_\_ ("[A] plaintiff need only show that the criminal prosecution ended without a conviction."). Phoenix was not convicted and therefore she can satisfy the favorable termination element of malicious prosecution. *See id.*

However, the granting of summary judgment remains appropriate because of the existence of probable cause. *See* 20-cv-152, Docket #59 at 8–10. *Thompson* has not altered the other elements of a malicious prosecution claim under the Fourth Amendment. *See* 597 U.S. \_\_\_\_. The existence of probable cause will still doom a cause of action for malicious prosecution made pursuant to the Constitution or under the common law. *See U.S. v. Barbosa,* 896 F.3d 60 (1st Cir. 2018); *Hernandez-Cuevas v. Taylor,* 723 F.3d 91 (1st Cir. 2013); *Acosta v. Ames Department Stores,* 386 F.3d 5 (1st Cir. 2004); *Brady v. Dill,* 187 F.3d 104 (1st Cir. 2004); *Forest v. Pawtucket Police Department,* 377 F.3d 52 (1st Cir. 2004); *Thompson v. Olson,* 798 F.2d *552* (1st Cir. 1986); *Hill v. State Employees Retirement Board,* 935 A.2d 608 (R.I. 2007). Accordingly, the Court's granting of summary judgment on the grounds that there was probable cause to support the initiation of criminal proceedings against the Plaintiff continues to be proper. *See* 20-cv-152, Docket #51-1 at 8–10.

Additionally, the *Thompson* decision has no impact on the Defendants' arguments concerning the Plaintiff's abuse of process claims and no impact on the malicious prosecution claims brought under Rhode Island law because the Court's decision addressed only malicious prosecution claims brought under Fourth Amendment. *See Thompson*, 597 U.S. \_\_\_\_.

In conclusion, the granting of the Defendants' motion for summary judgment is still proper and the Court's reasoning concerning the existence of probable cause remains unaltered by the *Thompson* decision.

DEFENDANTS,
Day One and
Debra Westgate-Silva,
By their Attorneys,

/s/ Andrew Plocica
Rajaram Suryanarayan (#4451)
Andrew Plocica (#10134)
GUNNING & LAFAZIA, INC.
33 College Hill Road, Suite 25B
Warwick, Rhode Island 02886
Telephone: (401)521-6900
Facsimile: (401)521-6901
Email: rsury@gunninglafazia.com
aplocica@gunninglafazia.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record. The document is available for viewing and downloading through the ECF system.

/s/ Rajaram Suryanarayan