UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| SIMONE E. PHOENIX,<br>　　　　　Plaintiff<br><br>　　　v.<br><br>DAY ONE, et al,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-cv-00152-MSM-PAS |

### MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion for Summary Judgment filed by defendant Carla Cuellar (ECF No. 61). Ms. Cuellar is the last remaining defendant in this action, as the other defendants were either dismissed or granted summary judgment following two previous Memoranda and Orders issued in this case. *Phoenix v. Day One,* 2021 WL 4193197 and 560 F. Supp. 3d 667 (D.R.I. both Sept. 15, 2021). The first opinion dismissed the case against Ms. Cuellar's employer, Day One, because the statute of limitations had expired.[1] The second opinion granted summary

---

[1] It was not expired with respect to Ms. Cuellar because of Rhode Island's "Jane Doe" statute. "[RIGL] Section 9-5-20 provides: "Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but

1

judgment in favor of the Providence municipal defendants, Deborah Westlake-Silva and Family Services Center on substantive grounds. The latter noted that Ms. Cuellar would be entitled to summary judgment like the other defendants, but she had not filed such a motion and the Court was unwilling to do so *sua sponte*. 560 F. Supp. 3d at 670, n.5.

Ms. Phoenix' response to this Motion for Summary Judgment has not changed the operative situation with respect to her abuse of process claim which is barred by the Statute of Limitations for the reasons outlined in both previous decisions. The law has changed with respect to the malicious prosecution count but not sufficiently to change the result on summary judgment. Subsequent to the earlier decisions, the United States Supreme Court determined, in *Thompson v. Clark,* ___ U.S. ___, 142 S. Ct. 1332 (2022), that the "favorable termination" element of a constitutional malicious prosecution claim is met by any disposition of the related criminal case short of a criminal conviction. *Id.,* 142 S. Ct. at 1341. In this case, the criminal prosecution was dismissed and, whatever the reason for the dismissal, that is a sufficiently favorable termination.[2] However, in its previous decision granting

---

may be amended with or without terms as the court may order." 2021 WL 4193197, at *2 n.7.

[2] Rhode Island was cited in *Thompson* as the strictest jurisdiction in the country, an "outlier" adhering to the requirement of state law actions for malicious prosecution that "the termination must be such as to furnish *prima facie* evidence that the action was without foundation.'" *Thompson,* 142 S. Ct. at 1339, citing *Rounds v. Humes,* 7 R.I. 535, 537 (1863). The plaintiff asks that the Court certify to the Rhode Island Supreme Court the question of whether Rhode Island will follow *Thompson.* In light of the Court's adherence to its probable cause determination, and the dismissal of the malicious prosecution counts for that reason, Rhode Island's response to *Thompson* should await another case and another day.

summary judgment to other defendants, the Court held that Ms. Phoenix had failed to raise a genuine issue of disputed fact on the element of probable cause.  The Court reasoned that while she had available affirmative defenses of self-defense and accident, the police determination of probable cause need not take account of affirmative defenses.  *Phoenix,* 560 F. Supp. 3d 667, at 674.  At the time, the Court simply noted the plaintiff's failure to put forth any support for the proposition that affirmative defenses must be considered in evaluating probable cause.  Today, the Court supplements its earlier decision by citing for that proposition *Wagner v. Northern Berks Regional Police Dept.,* 816 Fed. Appx. 679, 682-83 (3d Cir. 2020) (double jeopardy need not be considered); *Sada v. City of Altamonte Springs,* 434 Fed. Appx. 845, 850 (11th Cir. 2011) (parental discipline privilege need not be considered), and cases cited therein; *Fridley v. Horrighs,* 291 F.3d 867, 873 (6th Cir. 2002) (entrapment defense would have to be "conclusive" before being factored into probable cause determination); *United States v. Eden,* No. 1:16-po-00005-JCN, 2017 WL 1183955, at *3 (D. Me. Mar. 29, 2017) (medical marijuana license could provide affirmative defense at trial but did not negate probable cause), and cases cited therein.

The Court reaffirms its earlier conclusion that there was probable cause as a matter of law, based on undisputed facts, to support the prosecution.  Defendant Carla Cuellar's Motion for Summary Judgment (ECF No. 61) is GRANTED as to all counts.  In addition, the Court has considered the post-*Thompson* Memoranda of the parties and sees no reason to disturb its earlier grant of summary judgment to the

other defendants. The plaintiff's request that the Court's previous decision be reconsidered or that it be deferred (ECF No. 76) is DENIED.[3]

IT IS SO ORDERED:

*/s/ Mary S. McElroy*

Mary S. McElroy,
United States District Judge

June 27, 2022

---

[3] The plaintiff had suggested previously that decision be deferred until she could conduct more discovery. The Court denied that request, agreeing with the defendants that the facts considered at the time were immutable and would not change with further discovery. It sees no reason to decide otherwise today.